UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN,<br><br>             Plaintiff,<br><br>     v.<br><br>NEWSOM et al,<br><br>             Defendants | Case No.  1:25-cv-01290-HBK (PC)<br><br>ORDER TO RANDOMLY ASSIGN TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION<br><br>14-DAY DEADLINE |

Plaintiff Randy Ausborn is a state prisoner who proceeds *pro se* in this civil rights action under 42 U.S.C. § 1983.  (Doc. No. 1).  For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's abuse of the judicial process.

**BACKGROUND**

On October 17, 2025, this Court issued an Order to Show Cause ("OTSC") after taking judicial notice that Plaintiff had initiated at least 10 prior lawsuits,[1] which contradicted Plaintiff's

---

[1]  A review of the Court's records revealed the following civil cases commenced by Plaintiff prior to the filing of  the instant case:  (1) *Randy Ausborn v. Atascadero State Hospital*, Case No. 2:07-cv-00816-AHM-RC (C.D. Cal.); (2) *Randy Ausborn v. Raffled Dotch et al.*, Case No. 2:07-cv-05035-UA-RC (C.D. Cal.); (3) *Randy Ausborn v. Atascadero State Hospital et al*., Case No. 2:07-cv-07564-UA-RC (C.D. Cal.); (4) *Ausborn v. CHCF California et al.*, Case No. 2:19-cv-00960-KJM-AC (E.D. Cal.); (5) *Ausborn v. CHCF et al.*, Case No. 2:19-cv-02220-JAM-CKD (E.D. Cal.); (6) *Ausborn v. California Health Care Facility et al.*, Case No. 2:20-cv-00546-JAM-DMC (E.D. Cal.); (7) *Ausborn v. CHCF et al.*, Case No. 2:20-cv-00593-KJM-JDP (E.D. Cal.); (8) *Ausborn v. California Health Care Facility et al.*, Case No.

1 | certified Complaint dated and signed "under penalty of perjury," in which he asserted he has filed
2 | no other lawsuits while a prisoner. (Doc. No. 7). Plaintiff was ordered to show cause by
3 | November 14, 2025,[2] why the action should not be dismissed for misrepresentation and abuse of
4 | judicial process under Federal Rule of Civil Procedure 11. (*Id*. at 3, ¶ 1). In the alternative, this
5 | Court afforded Plaintiff the opportunity to voluntarily dismiss this action by the same date to
6 | avoid a dismissal based on abuse of the judicial process. (*Id*., ¶ 3). This Court warned Plaintiff
7 | that is he failed "to timely respond to this show cause order, the Court will recommend the district
8 | court dismiss this case as a sanction for Plaintiff's abuse of the judicial process, which will count
9 | as a strike." (*Id*., ¶ 2). This Court further deferred ruling on Plaintiff's motion to proceed *in*
10 | *forma pauperis* (Doc. No. 2) to avoid assessing the filing fee or determining whether Plaintiff
11 | may be barred under the three-strikes rule until after Plaintiff responded to the OTSC. (*Id*., fn. 6).
12 | As of the date of these Findings and Recommendation, Plaintiff has failed to respond to the
13 | OTSC and the time to do so has expired.

**APPLICABLE LAW AND ANALYSIS**

Under Rule 11, the person who signs, files, submits, or later advocates any paper to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," *inter alia*, the paper "is not being presented for any improper purpose," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3). The Court may sanction persons who violate Rule 11 and may exercise its inherent authority to respond to a party's bad faith conduct. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (Rule 11 sanctions may be imposed against pro se litigant); *Walker v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (same).

Fraud on the court is an example of bad faith conduct meriting sanctions under the court's inherent authority. *Chambers v. NASCO, Inc*., 501 U.S. 32, 54 (1991) (affirming sanctions

---

2:20-cv-00590-WBS-AC (E.D. Cal.); (9) *Ausborn v. California Health Care Facility et al.*, Case No. 2:20-cv-01341-JAM-DMC (E.D. Cal.); and (10) *Ausborn v. Kern County Sheriff Dept. et al.*, Case No. 1:22-cv-00210-JLT-SKO (E.D. Cal.).

[2] Plaintiff was directed to deliver his response to the OTSC to correctional officials for mailing no later than November 14, 2025. To account for any delays in mailing, the undersigned waited more than 15 days to elapse from this mailing date before issuing these Findings and Recommendations.

1 against plaintiff "for the fraud he perpetrated on the court"). A litigant's "misrepresentation
2 regarding his litigation history also qualifies as fraud on the Court." *Patterson v. Anderson*, No.
3 1:25-CV-0602 JLT HBK, 2025 WL 2503247, at *2 (E.D. Cal. Sept. 2, 2025)(*citing, Sloan v.
4 Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). *See also Anheuser–Busch, Inc. v. Natural Beverage
5 Distrib.,* 69 F.3d 337, 348 (9th Cir.1995) (upholding dismissal where party engaged in deceptive
6 practices that undermined the integrity of the proceedings); *Bryd v. Romey*, 131 Fed. Appx. 548
7 (9th Cir. 2005)(finding district court did not abuse its discretion by dismissing plaintiff's action
8 on the ground that he made false statements in his complaint and on his *in forma pauperis*
9 application).

10 Additionally, courts find a complaint "malicious" under Section 1915(e) "when a prisoner
11 misrepresents his prior litigation history on a complaint form requiring disclosure of such history
12 and signs the complaint under penalty of perjury." *Allen v. Santiago*, No. 22- 11946, 2023 WL
13 5745494, at *1 (11th Cir. Sept. 6, 2023) (citation omitted). This is because "'perjury is among
14 the worst kinds of misconduct' and cuts at the very heart of the mission of the federal courts."
15 *Kennedy v. Huibregtse*, No. 13-C-004, 2015 WL 13187300, at *2 (E.D. Wis. Nov. 13, 2015),
16 *aff'd*, 831 F.3d 441 (7th Cir. 2016) (quoting *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014)).

17 The Court afforded Plaintiff an opportunity to show cause why the District Court should
18 not dismiss this case as a sanction for Plaintiff's apparent bad faith conduct under Rule 11 and
19 pursuant to its inherent authority and afforded him an opportunity to voluntarily dismiss this
20 action before it issued these Findings and Recommendation. Plaintiff elected not to respond to
21 the OTSC. Thus, the District Court has inherent authority to dismiss this action as an abuse of the
22 judicial process.

23 Accordingly, it is hereby ORDERED:
24 The Clerk of Court randomly assign this case to a district judge for purposes of these
25 Findings and Recommendations.
26 It is further RECOMMENDED:
27 This action be DISMISSED without prejudice for abuse of the judicial process.
28 ////

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     December 1, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE